IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

MARISOL HERRERA, individually and as
Natural parents and next best friend of
A.S., minor,

        CASE NO.

    Plaintiffs,

  v.

SCHNEIDER NATIONAL CARRIERS, INC.
and ANTHONY SIEGRIST,

    Defendants.
_____/

## DEFENDANT, SCHNEIDER NATIONAL CARRIERS, INC.'S, NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, SCHNEIDER NATIONAL CARRIERS, INC. (hereinafter "Schneider"), by and through its undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Middle District of Florida, Orlando Division, an action pending in the Ninth Judicial Circuit in and for Orange County, Florida, captioned *Marisol Herrera, individually and as Natural Parents and next best friend of A.S., minor v. Schneider National Carriers, Inc. and Anthony Siegrist,* Case Number: 2022-CA-000268-O.  In support thereof, Defendant would show:

    1.    Plaintiffs commenced this action in the Circuit Court of Orange County, Florida on or about January 10, 2022.  The Summons and Complaint were served on Schneider on or about April 27, 2022.  A copy of the Complaint, Summons and Affidavit of Service are attached hereto as composite exhibit "A".

2. Defendant, Anthony Siegrist, has not yet been served with process. Therefore, the "unanimity rule" requiring that all named defendants in an action consent to the removal of the action does not apply to this matter. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1330 (M.D. Fla. 2003), (stating "[t]here are three exceptions to the unanimity rule; namely: '(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c).'" (citations omitted)). As Mr. Siegrist has not yet been served with process in this matter, he is not required to join in or consent to the removal of this matter. *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003). *See also*, *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3rd Cir. 1985); *McKinney v. Board of Trustees*, 955 F.2d 924, 925 (4th Cir. 1992); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); *Shaw v. Dow Brands*, 994 F.2d 364, 369 (7th Cir. 1993). Nonetheless, it should be noted that Mr. Siegrist is a citizen of the state of Ohio as a result of which his presence in this litigation does not and will not defeat diversity. Once he is served, Mr. Siegrist will be represented in this matter by the undersigned attorneys and he consents to removal. An Affidavit is attached in support thereof as Exhibit "B".

3. Schneider responded to the Complaint with an Answer and Defenses on May 17, 2022, a copy of which is attached as Exhibit "C." Additional filings in the state court are:

a. Plaintiffs' Request for Admissions to Defendant, Schneider National Carriers, Inc., certificate date of January 10, 2022 (exhibit "D").

    b.  Plaintiffs' Request for Admissions to Defendant, Anthony Siegrist, certificate date of January 10, 2022 (exhibit "E").

    c.  Plaintiffs' Request to Produce to Defendant, Schneider National Carriers, Inc., certificate date of January 10, 2022 (exhibit "F").

    d.  Plaintiffs' Request to Produce to Defendant, Schneider National Carriers, Inc., certificate date of January 10, 2022 (exhibit "G"), which appears to be a duplicate of exhibit "F".

    e.  Plaintiffs' Notice of Propounding Interrogatories to Defendant, Schneider National Carriers, Inc., certificate date January 10, 2022 (exhibit "H").

    f.  Plaintiffs' Notice of Propounding Interrogatories to Defendant, Anthony Siegrist, certificate date January 10, 2022 (exhibit "I").

    g.  Plaintiff's Motion for Extension or Enlargement of Time for Service of Process, certificate date May 5, 2022 (exhibit "J").

    h.  Plaintiffs' Reply and Avoidance to Defendant, Schneider National Carriers, Inc., Affirmative Defenses, certificate date May 20, 2022 (exhibit "K").

    i.  Order on Plaintiff's Motion to Extend Time for Service of Process, certificate date May 25, 2022 (exhibit "L").

4.    This action is being removed to the United States District Court, pursuant to 28 USC §1332 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.    In the operative Complaint, the Plaintiffs are seeking damages for personal injuries claimed to have been sustained as a result of a motor vehicle accident

which it is alleged occurred on October 26, 2021. In the operative Complaint it is alleged that the Plaintiffs "sustained serious and permanent injuries" as a result of the collision. Exhibit "A" at ¶14. It is further alleged that "as a direct and proximate cause" each of the Plaintiffs "suffered bodily injury including injury to the body as a whole, pain and suffering of both physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, permanent aggravation of a previously existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, and loss of ability to lead and enjoy a normal life." Exhibit "A" at ¶17, 20, 23, 26, 30 and 34. It is contended that each of the Plaintiffs will suffer or incur the injuries, expenses and impairment in the future. Exhibit "A" at ¶17, 20, 23, 26, 30 and 34.

6. On February 28, 2022, after filing suit but prior to serving Schneider, Plaintiffs' counsel provided Schneider with copies of some of Plaintiffs' medical records and bills for their initial treatment immediately following the subject motor vehicle accident. Although the medical records and bills provided are only for the initial treatment received by the Plaintiffs and are incomplete, it is apparent the Plaintiffs' alleged damages in this matter exceed the jurisdictional amount individually.

7. Based upon the records and bills provided regarding Plaintiff, Marisol Herrera, Schneider understands that the Marisol Herrera alleges to have suffered injuries to her neck, back, and shoulders, as well as her hand after having her hand caught in the glass of her vehicle and "ripping it out" to come to the aid of her daughter. Following the accident, Ms. Herrera was treated at Orlando Regional Medical Center and underwent x-rays and diagnostic imaging of her right knee, left knee, chest, pelvis,

and right humerus. A left knee x-ray showed a small fracture of the anteromedial aspect of the medial tibial plateau and moderate lipohemarthrosis. The records reflect that Ms. Herrera underwent surgery on her left hand to repair extensor digitorum communis extensor tendon on her left ring finger on October 27, 2021. Although not in the records provided to Schneider, Plaintiff's counsel has advised Defendants' counsel that Ms. Herrera underwent additional surgery, on October 27, 2021, to her left knee/leg. Based on Herrera's medical records from Orlando Regional Medical Center, she was discharged on October 28, 2021. Following her discharge from the hospital, Plaintiff underwent physical therapy for her left hand and knee at Cora Physical Therapy, and treated with Integrity Medical Group, LCC for neck pain, mid back pain, low back pain, and left knee pain. She was also seen by Kurt Wood, PA, and recommended to undergo physical therapy for her neck and back pain as of January 4, 2022. Although her medical treatment is ongoing and complete copies of her medical bills regarding her treatment to date have not been provided to Schneider, Ms. Herrera's medical bills to date exceed $90,844.24. In addition, based upon photographs of the Plaintiff, Marisol Herrera, also provided by Plaintiff's counsel, it is Schneider's understanding that Ms. Herrera is also claiming that as a result of her injuries and surgeries she has scars on her left hand. To date, no information has been provided regarding Ms. Herrera's wage loss claim, although she is asserting past and future lost wages in the Complaint.

8. Based upon the records and bills provided regarding the minor, A.S., Schneider understands that the minor was seven years old at the time of the accident. Further, Schneider understands that she had blood all over her face following the

accident from allegedly striking her face on the seat in front of her or on something else in the vehicle.  Following the accident, the minor was apparently in and out of consciousness at the scene, prior to being taken to the emergency room.  She was transported by ambulance from the scene to Winnie Palmer Hospital for Children with serious injuries.  Plaintiff's counsel initially indicated that the child was in the hospital heavily sedated in the days after the accident and had undergone two surgeries, including surgery for a ruptured liver and a surgery for a "large laceration on her face." Plaintiff's counsel subsequently stated that her "intestines were outside of her body" and that she would require a "colostomy bag for the rest of her life."  Plaintiff's counsel has suggested that the minor's injuries are significant and may include a traumatic brain injury / head injury.  The records from Arnold Palmer Hospital for Children indicate that the minor was treated for a closed fracture of the third lumbar vertebra, bowel lacerations and facial lacerations," and underwent surgical repair of facial laceration, bowel resection and diverting end ileostomy. The records reflect that she had a 5.5 cm scar on her right forehead / above her right eye.  She underwent various x-rays and CT scans, which demonstrated a fracture of the third lumbar vertebra and internal injuries. CT scans of the minor's cervical spine, thoracic spine and head were also taken.  While in the hospital, she underwent occupational therapy, as well as physical therapy, including for her low back. She began physical therapy on October 30, 2021 and was noted to be on strict bedrest, wearing a brace, and utilizing a colostomy bag.  While in the hospital, the minor was in the PICU / Pediatric Intensive Care Unit.  She was discharged on November 4, 2021, at which time she was still having difficulty ambulating according to the records provided.  It appears that the minor was advised to

continue with physical therapy and undergo follow-up treatment, Defendant Schneider has not been provided with any additional records subsequent to her hospitalization. Based upon the nature of the injuries and the minor's subsequent x-ray, dated November 23, 2021, it is Schneider's understanding that the minor underwent additional treatment and claims that she may have future problems in her lumbar spine that requires additional treatment.  Although her medical treatment is ongoing and complete copies of her medical bills regarding her treatment to date have not been provided to Schneider, the minor's medical bills to date exceed $2,906.00.  However, based upon the medical treatment following the accident, her multiple surgeries, her nine-day hospitalization and subsequent medical treatment, the minor's medical bills to date most certainly exceed those of Plaintiff, Marisol Herrera, much less the jurisdictional amount. In addition, based upon photographs of the minor also provided by Plaintiff's counsel, it is Schneider's understanding that the minor is also claiming that as a result of her injuries and surgeries she has scars on her forehead, chest, abdomen and side.  As noted above, the minor is also asserting a wage loss claim in the Complaint, presumably related alleged future lost wages.  To date, no information has been provided regarding this claim.

   9. Based upon the foregoing, the total amount of economic losses being claimed by the Plaintiffs appear to exceed $93,750.24, not including any medical bills not yet produced and any claimed future medical treatment and surgery.  Finally, these figures do not include the damages being claimed by the Plaintiffs for lost wages and the non-economic losses they claim to have sustained as a result of the alleged incident.

10. To the extent that there may be some doubt that the minor's claim exceeds the jurisdictional minimum of $75,000 this does not prevent Schneider from removing the case. Nor, does it mean that this Court lacks subject matter jurisdiction. In *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005), the United States Supreme Court held that if the claims of a single plaintiff met the jurisdictional threshold, a district court may assert supplemental jurisdiction over the claims of the additional plaintiffs. The Court specifically stated: "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.]§ 1367 does authorize supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon*, 545 U.S. at 549. Therefore, if Plaintiff, Marisol Herrera's, claim exceeds the jurisdictional amount, which as Schneider has demonstrated it does, then this Court may exercise supplemental jurisdiction over the minor's claim as both claims do not need to exceed the jurisdictional amount of $75,000. However, as discussed above, it appears the minor's claim exceed the jurisdictional amount.

11. 28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

a. The Plaintiffs' Complaint alleges that the Plaintiffs reside in Orlando, Orange County, Florida. Exhibit "A" at ¶2-3.

b. The Defendant, Anthony Siegrist, is a resident and citizen of the State of Ohio. See exhibit "B" and exhibit "C" at ¶3.

c. The Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is incorporated in the State of Nevada with its principal place of business in Wisconsin. Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is, therefore, considered to be a citizen of the States of Nevada and Wisconsin. See exhibit "A" at ¶5, exhibit "B" and exhibit "M".

d. Although the Plaintiffs' Complaint is silent as to the specific dollar amount of the underlying claim it is undisputed, as indicated above, that this is an action seeking monetary damages as a result of a motor vehicle accident in Orlando, Orange County, Florida which is alleged to have occurred on October 26, 2021, as discussed in further detail in paragraph 5 above.

e. Based upon the allegations in the Complaint, the information provided by the Plaintiffs concerning their claimed injuries and damages in their production of medical records and bills shortly prior to serving the Defendant Schneider in this action, it is obvious that the Plaintiffs' claimed injuries and damages in this matter exceed or have a value of Seventy Five Thousand Dollars ($75,000.00).

f. Further, on May 26, 2022, Defendant, SCHNEIDER NATIONAL CARRIERS, INC., requested that Plaintiffs stipulate that their claimed damages are below the minimum required for the removal of the matter to

federal court but received no response to the same prior to filing this Notice of Removal.

12. As a result, while taken separately the allegations in the operative Complaint, and the Plaintiffs' medical records and bills, each by themselves, might not prove by a preponderance of the evidence that more than $75,000 is in controversy, Defendant submits that together they suffice. *Stephenson v. Amica Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014)[1]; *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 *3-4 (SD Fla. 2010) (finding that a pre-suit demand letter and a plaintiff's "noncommittal responses" to requests for admissions sufficiently demonstrated a $75,000 amount in controversy).

13. This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

14. This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A). Specifically, within thirty (30) days of Schneider being served with the Summons and Complaint on April 27, 2022, the first date on which Schneider was able to determine that this cause was removable to this Court.

---

[1] In his opinion, Judge Dalton noted that: "while genuine jurisdictional ambiguities must be resolved in favor of remand, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal. *See, e.g., Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberatively equivocal interrogatory responses" weigh in favor of removal). The increasingly common practice among plaintiffs of equivocating to avoid removal is therefore counterproductive as well as inconsistent with counsel's obligation for candor."

15. Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Orange County, Florida.

16. Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or about May 27, 2022, the foregoing was filed with the Clerk of this Court. I also certify that the foregoing document is being served by electronic mail this day on counsel for the Plaintiff, Rick L. Martindale, Esquire, The Martindale Law Group, 14129 Town Loop Boulevard, Suite 200, Orlando, FL 32837 (efiling@martindalepa.com; ada@martindalepa.com), in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew R. Schreck
P. RAÚL ALVAREZ, JR., ESQUIRE
Florida Bar No. 775215
MATTHEW R. SCHRECK, ESQUIRE
Florida Bar No. 123062
BRIAN A. HARTLEY, ESQUIRE
Florida Bar No. 1022552
Alvarez, Winthrop, Thompson & Smoak, P.A.
390 N. Orange Avenue, Suite 600
Orlando, FL  32801
Telephone #: (407-210-2796)
Facsimile #:   (407-210-2795)
Counsel for Defendant

*Designated Email Addresses:*
pra@awtspa.com; mschreck@awtspa.com; bhartley@awtspa.com; lporter@awtspa.com; mquilez@awtspa.com; dsumpter@awtspa.com